United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ This Order Relates to: ALL CASES _____/ | No. M 07-1827 SI  MDL. No. 1827  **PRETRIAL ORDER #1 AND AGENDA FOR JULY 10, 2007 STATUS CONFERENCE** |

The Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court for coordinated pretrial proceedings certain antitrust actions relating to an alleged conspiracy to fix the prices for thin film transistor-liquid crystal display (TFT-LCD) panels, which are used in computer monitors, flat panel television sets, and other electronic devices. As the number and complexity of these actions warrant holding a single, coordinated initial status conference for all actions in *In Re: TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827, the Court ORDERS as follows:

1. APPLICABILITY OF ORDER: Prior to the initial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the JPML. This Order also applies to all related actions filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2. CONSOLIDATION: The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes only. Any "tag-along actions"

later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. DATE OF INITIAL STATUS CONFERENCE AND AGENDA FOR CONFERENCE: Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial status conference to be held on **Tuesday, July 10, 2007 at 10:00 a.m.** before Judge Susan Illston in the Ceremonial Courtroom, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical and just resolution of this litigation. **The agenda for the July 10, 2007 conference is included at paragraph 12, below.**

4. INITIAL CONFERENCE APPEARANCES: Each party represented by counsel shall appear at the initial status conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not by designating an attorney to represent the party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

5. RESPONSE EXTENSION AND STAY: Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution

on a motion day or days after the initial case management conference.

6. MASTER DOCKET FILE: The Clerk of the Court will maintain a master docket case file under the style *"In Re: TFT-LCD (Flat Panel) Antitrust Litigation,"* No. M 07-1827 SI, and the identification of "MDL No. 1827." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number of each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

7. FILING: This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically. General Order 45 provides at Section IV(A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If she or he has not already done so, counsel shall register forthwith as an ECF user and be issued an ECF user ID and password. Forms and instructions can be found on the Court's web site at ecf.cand.uscourts.gov.

All documents shall be e-filed in the master file, No. M 07-1827 SI. Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the documents pertain.

8. DOCKETING NEW CASES: When an action that properly belongs as part of *In Re: TFT-LCD (Flat Panel) Antitrust Litigation* is filed after the date of this Order in the Northern District of California or transferred here from another court, the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action;
   b. Make an appropriate entry on the master docket sheet;
   c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and
   d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant

in such newly filed or transferred cases a copy of this Order.

9. APPEARANCES: Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Association of local counsel is not required.

10. PRESERVATION OF EVIDENCE: All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings, or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.</u>

11.     FILING OF DISCOVERY REQUESTS: In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection with a motion.

12.     AGENDA FOR JULY 10, 2007 STATUS CONFERENCE: The items listed in MCL 4th Sections 22.61, 22.62 and 22.63 will be addressed generally at the conference. In addition, the Court intends to address the following specific items at the initial status conference:

a.     <u>Liaison Counsel:</u>  The Court intends to appoint Liaison Counsel, who will be charged with administrative responsibilities arising from the pretrial coordination of these multiple actions, including communication with the Court. The Court anticipates appointing at least one Liaison Counsel for the direct purchaser plaintiffs, one for the indirect purchaser plaintiffs, one for the defendants and, if ultimately necessary, one for governmental/parens patriae parties. Liaison Counsel may or may not be among such interim co-lead counsel as are appointed hereafter, but the Liaison responsibilities shall be primarily administrative in nature. Prior to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of Liaison Counsel for each group mentioned above. Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison Counsel will also be authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the JPML's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of Liaison Counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of Liaison Counsel shall be subject to the approval of the Court.

b.     <u>Interim Lead Counsel:</u> By separate order after the July 10, 2007 status conference, the

Court will appoint Interim Lead Class Counsel for the direct purchaser plaintiffs and the indirect purchaser plaintiffs. The Court anticipates appointing two Interim Co-Lead Counsel for the direct purchaser group and two for the indirect purchaser group. Subject to Court approval, Interim Co-Lead Counsel for each group will be asked to suggest a workable, efficient and economical organization structure for their groups, taking into account the geographical and technical needs of the litigation. Each lawyer seeking appointment as Lead Counsel shall file by **July 9, 2007**, a statement listing (1) all of the TFT-LCD cases in which his/her law firm is counsel of record, (2) for each of those cases, the name and address of each plaintiff as well as a brief description of the plaintiff's business and general volume of purchases of TFT-LCD products, and (3) whether the law firm represents both direct and indirect purchasers.

      c.    <u>Substantive groupings of cases:</u>  Counsel shall be prepared to discuss the different substantive groups that these cases fall into (direct purchasers versus indirect purchasers, whether there are any foreign purchaser plaintiffs, possible parens patriae actions, etc.), how many cases are in each group, and what different state antitrust laws are involved. The Court is also interested in the status, to the extent known, of any government investigations of the TFT-LCD industry, in the United States or elsewhere.

      d.    <u>Status of service of process:</u>  Counsel shall report on the status of service of process on all defendants.

      e.    <u>*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (May 21, 2007):</u>  Counsel are instructed to familiarize themselves with this recent Supreme Court case and be prepared to discuss what impact, if any, it is expected to have on the preparation of any consolidated amended pleadings.

      f.    <u>Monthly statements regarding time spent and costs advanced:</u>  All attorneys who may ever seek the award of fees or reimbursement of costs in connection with this litigation shall keep files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. The

Court will consult with Interim Co-Lead Counsel and Liaison Counsel concerning how and where these files shall be preserved pending completion of the litigation.

g.  <u>Discovery and Protective Order:</u>  Counsel should be prepared to discuss mechanisms for coordinating discovery between the direct and indirect purchaser actions, and the effect, if any, of the government investigations of the TFT-LCD industry on the discovery process.  Counsel shall also be prepared to discuss a stipulated protective order and, if possible, present one to the Court for its consideration.  In the event a stipulation cannot be reached, the Court will execute a protective order generally in the form to the Northern District of California's model stipulated protective order unless/until the parties present the Court with a joint submission.

h.  <u>Appointment of Judge Fern Smith as Special Master:</u>  Pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court hereby provides all parties notice that it is considering appointing the Honorable Fern Smith, United States District Judge (Retired), as a Special Master to assist the Court in this litigation.  The Court anticipates that Judge Smith would assist the Court with matters such as case management, discovery organization and structuring, prioritization of class considerations, case resolution procedures, and other matters in which the large scale of this litigation will make Special Master assistance prudent and economical.  Counsel shall be prepared at the July 10, 2007 status conference to discuss this matter.

**IT IS SO ORDERED.**

Dated: July 3, 2007

SUSAN ILLSTON
United States District Judge

7